UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| **WILLIAM FRANKLIN JENNINGS CROUCH** | |
| Plaintiff, | Case No. 5:18-CV-00643-JMH |
| v. | |
| **EQUIFAX INFORMATION SERVICES, LLC and THE CITIZENS BANK (MOREHEAD, KY.)** | **ANSWER TO PLAINTIFF'S AMENDED COMPLAINT BY THE CITIZENS BANK** |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \*

Comes the Defendant, The Citizens Bank (Morehead, KY.) (hereinafter "TCB" or "this Defendant"), by and through counsel, and for its Answer to the Amended Complaint filed herein on March 22, 2019 by the Plaintiff, William Franklin Jennings Crouch (hereinafter "Plaintiff"), hereby states as follows:

### FIRST DEFENSE

1. Plaintiff's Amended Complaint and the claims alleged therein fail to state a cause of action against this Defendant for which relief may be granted.

### SECOND DEFENSE

2. Plaintiff's Amended Complaint and the claims alleged therein are subject to and may be barred by all applicable statute of limitations.

**THIRD DEFENSE**

3.    Plaintiff's Amended Complaint and the claims alleged therein are subject to the duty to mitigate adequately any alleged damages and this Defendant is entitled to a setoff against Plaintiff's damages which could have been avoided but for such failed efforts.

**FOURTH DEFENSE**

4.    This Defendant asserts any and all of the affirmative defenses set forth in Federal Rule of Civil Procedure (CR) 8 including, but not limited to, accord and satisfaction, assumption of risk, contributory negligence, estoppel, fraud, laches, license, and waiver, and this Defendant specifically reserves the right to plead further herein and to amend its Answer herein to assert any and all defenses, affirmative or otherwise that become known to it through the course of this litigation.

**FIFTH DEFENSE**
**ANSWER**

5.    TCB is without sufficient knowledge or information to admit or deny the allegations of Paragraph 1 of Plaintiff's Amended Complaint to the extent those allegations involve Equifax and therefore can neither admit or deny same. TCB admits so much of the allegations of said Paragraph 1 to the extent that it failed to provide Plaintiff with the required adverse action notice through an inadvertent mistake and affirmatively states that TCB's mistake has now been rectified and the required notice mailed to Plaintiff as soon as practicable after being made aware of its mistake. The remaining allegations of Paragraph 1 of Plaintiff's Amended Complaint are denied.

6.    TCB admits the allegations of Paragraphs 2, 3, 4, and 5 of Plaintiff's Amended Complaint.

7. TCB is without sufficient knowledge or information to admit or deny the allegations of Paragraphs 6 and 7 of Plaintiff's Amended Complaint and therefore denies same.

8. TCB admits so much of the allegations of Paragraph 8 of Plaintiff's Amended Complaint to the extent that it alleges that Plaintiff was denied a loan from TCB. TCB is without sufficient knowledge or information to admit or deny the remaining allegations of the said Paragraph 8 and therefore denies same.

9. TCB is without sufficient knowledge or information to admit or deny the allegations of Paragraph 9 of Plaintiff's Amended Complaint and therefore denies same.

10. TCB admits so much of the allegations of Paragraph 10 of Plaintiff's Amended Complaint to the extent that Plaintiff (or someone on his behalf) delivered a loan application to TCB's banking location in Owingsville, Kentucky on or about October 30, 2018. TCB is without sufficient knowledge or information to admit or deny the remaining allegations of said Paragraph 10 and therefore denies same.

11. TCB admits so much of the allegations of Paragraph 11 of Plaintiff's Amended Complaint to the extent that it alleges that Plaintiff was denied a loan from TCB due primarily to to Plaintiff's Equifax credit report it received and that Sam Wright called Plaintiff and left Plaintiff a voicemail advising him that there were issues on his credit report that needed to be resolved before his loan application could be considered. Mr. Wright never heard back from Plaintiff. TCB would further state that Mr. Wright, after transferring all of the information from Plaintiff's handwritten application into the bank's computer software, shredded Plaintiff's hand-written application for security purposes. TCB is without sufficient knowledge or information to admit or deny the remaining allegations of said Paragraph 11 and therefore denies same.

12.     TCB admits so much of the allegations of Paragraph 12 of Plaintiff's Amended Complaint to the extent that it alleges TCB failed to provide notice of adverse action after thirty (30) days of Plaintiff's loan denial and in addition thereto TCB states that its failure to provide such notice was due to inadvertence as that term is defined in Section 1002.16 of the Equal Credit Opportunity Act (ECOA) and such failure has since been rectified by mailing the Plaintiff the appropriate notice as soon as practicable after TCB learned of its mistake. TCB did not learn of its mistake until the filing of this lawsuit. TCB denies the remaining allegations of said Paragraph 12 of Plaintiff's Amended Complaint.

13.     That the allegations of Paragraph 13 of Plaintiff's Amended Complaint need not be admitted or denied. However, should the Court require an answer thereto, TCB is without sufficient knowledge or information to admit or deny the allegations of said Paragraph 13 and therefore denies same.

14.     TCB is without sufficient knowledge or information to admit or deny the allegations of Paragraphs 14, 15, 16, 17, 18, 19, and 20 of Plaintiff's Amended Complaint and therefore denies same.

15.     TCB denies the allegations of Paragraph 21 of Plaintiff's Amended Complaint.

16.     TCB is without sufficient knowledge or information to admit or deny the allegations of Paragraph 22 of Plaintiff's Amended Complaint and therefore denies same.

17.     TCB denies the allegations of Paragraph 23 of Plaintiff's Amended Complaint.

18.     That the allegations of Paragraph 24 of Plaintiff's Amended Complaint need not be admitted or denied. However, should the Court require an answer thereto, TCB is without sufficient knowledge or information to admit or deny the allegations of said Paragraph 24 and therefore denies same.

19.     TCB admits the allegations of Paragraph 25 of Plaintiff's Amended Complaint.

20.     TCB denies the allegations of Paragraphs 26, 27, and 28 of Plaintiff's Amended Complaint.

21.     Any and all allegations in Plaintiff's Amended Complaint not specifically admitted herein are hereby denied.

22.     TCB respectfully reserves the right to assert any and all additional defenses, affirmative or otherwise, that may be revealed through the course of this litigation.

23.     TCB respectfully reserves the right to amend its pleadings as necessary and to assert any and all claims that may become appropriate or necessary through the course of this litigation.

**WHEREFORE**, this Defendant, TCB, respectfully demands as follows:

1.     That Plaintiff's Amended Complaint be dismissed and held for naught;

2.     For its costs herein expended including a reasonable attorney's fee; and

3.     For any and all other relief, both legal and equitable, to which it may be entitled.

Respectfully submitted

FRANKLIN & RAPP

*/s/ David A. Franklin*
DAVID A. FRANKLIN

*/s/ Natalie Damron McCormick*
NATALIE DAMRON MCCORMICK F/K/A
NATALIE J. DAMRON

FRANKLIN & RAPP
1001 Monarch Street, Suite 120
P.O. Box 910119
Lexington, KY 40591-0119
Telephone:     (859) 254-8051
Facsimile:     (859) 233-4234
dfranklin@franklinandrapp.com
nmccormick@franklinandrapp.com
*Attorney for The Citizens Bank (Morehead, Ky.)*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served on the counsel and parties listed below via ECF e-mail notification and/or United States mail, postage prepaid this 1st day of April, 2019.

Hon. Steve C. Shane
P.O. Box 73067
Bellevue, KY 41073
shanelaw@fuse.net
*Attorney for Plaintiff*

Hon. Justin M. Baxter
Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, Oregon 97225
justin@baxterlaw.com
*Attorney for Plaintiff*

Hon. John M. Williams
3151 Beaumont Center Circle,
Suite 375
Lexington, KY 40513
williams@wktlaw.com
*Attorney for Equifax*

Hon. Kendall W. Carter
Hon. Louis P. Perling
King & Spalding, LLP
1180 Peachtree Street
Atlanta, GA 30309
lperling@kslaw.com
kcarter@kslaw.com
*Attorney for Equifax*

*/s/ Natalie Damron McCormick*
NATALIE DAMRON MCCORMICK