UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| WILLIAM FRANKLIN CROUCH, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | 5:18-cv-643-JMH |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | | |

\*\*\*

This matter is before the Court on the parties' "Agreed Entry of Partial Dismissal With Prejudice of Defendant Citizens Bank," pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). [DE 62]. On December 12, 2018, the Plaintiff, William Franklin Crouch, filed this action against two (2) defendants, The Citizens Bank ("TCB") and Equifax Information Services, LLC ("Equifax"), generally alleging that TCB violated the notice requirements of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.* ("ECOA"), and that Equifax violated the Fair Credit Reporting Act, 15 U.S.C. § 1581 ("FCRA"). [DE 1]. On March 22, 2019, Crouch amended his complaint, but his claims remained virtually the same. [DE 25]. Now, the parties have filed a joint stipulation of dismissal of one party, TCB, under Rule 41(a)(1)(A)(ii). [DE 62]. The Court construes the parties' joint stipulation as a motion.

1

As this Court has held, dismissal of claims against individual parties in an action is not appropriate under Rule 41(a), where there is more than one defendant in the action. *See e.g.*, *Howard v. 21st Century Mortgage Corporation*, No. 5:18-cv-00613, 2019 WL 2163602, at *2 (E.D. Ky. May 17, 2019) (stating "...this Court made clear the appropriate rule under which a party may dismiss a single defendant – Rule 21"). For the reasons stated herein below, and the Court being otherwise sufficiently advised, the parties' motion [DE 62] is **DENIED**.

## I. Analysis

The parties moved to dismiss using joint stipulations of dismissal under Rule 41(a)(1)(A)(ii). Generally, Rule 41(a)(1)(A)(ii) allows dismissal of an action without court order through a joint stipulation of dismissal signed by all parties who have appeared.

In the Sixth Circuit, a plaintiff may only dismiss an "action" using Rule 41(a) and an "action" is interpreted to mean the "entire controversy." *Philip Carey Manufacturing Company v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). While some Circuits disagree with the Sixth Circuit's interpretation of Rule 41(a), this Court is bound by Sixth Circuit precedent. *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462 (E.D. Ky. 2018); *see, e.g.*, *Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693-94 (D. Utah 2015) (discussing the circuit split and citing cases). Here, the

parties do not seek dismissal of the entire action, but rather dismissal of only one defendant. [DE 62]. In particular, they agree to dismiss with prejudice only the claims against TCB, leaving Crouch's claims against Equifax. As the motion/joint stipulation would not extinguish this action as to all defendants, granting the parties motion to dismiss/stipulation under Rule 41 would be inappropriate.

Moreover, courts in this Circuit have abundantly clear the that Rule 21 is appropriate rule under which a party may dismiss a single defendant. *See Taylor*, 286 F.2d at 785 ("we think that [Rule 21] is the one under which any action to eliminate" a single defendant should be taken); *see also Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008); *Wilkerson v. Brakebill*, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212 (E.D. Tenn. Jan. 30, 2017) ("Rule 21 is the more appropriate rule"); *Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-850, 2012 WL 1758019, at *2 n.2 (S.D. Ohio May 16, 2012) ("the Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41"); *Warfel v. Chase Bank USA, N.A.*, No. 2:11-cv-699, 2012 WL 441135, at *2 (S.D. Ohio Feb. 10, 2012). In filing the subject motion, the parties have failed to move under the appropriate Rule.

3

With respect to the instant motion, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that the parties' joint stipulation/motion, [DE 62], be, and hereby is, **DENIED**.

This the 17th day of October, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge